UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TESSA KNOX and PAMELA KASSEN, | : | |
| Plaintiffs, | : | |
| -against- | : | 20 Civ. 4401 |
| IRONSHORE INDEMNITY INC., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs Tessa Knox ("Knox"), individually and on behalf of the class that this Court certified in the action entitled *Tessa Knox v. John Varvatos Enterprises, Inc.*, 17 Civ. 772 (GWG) ("Varvatos Action"), and Pamela Kassen ("Kassen"), by their undersigned attorneys, for their complaint against Ironshore Indemnity Inc. ("Ironshore"), allege:

### Nature of the Action

1. Plaintiffs are bringing this action to recover damages from Ironshore pursuant to Section 3420 of the New York State Insurance Law, because (a) Ironshore issued a policy of insurance that afforded coverage to John Varvatos Enterprises, Inc. ("Varvatos") with respect to the claims asserted in the Varvatos Action, (b) plaintiffs obtained a judgment against Varvatos in the Varvatos Action for $3,516,051.23, entered March 24, 2020, and (c) Ironshore has failed to pay any amount due to plaintiffs under the judgment.

### Subject Matter Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first and second claims in this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship

between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Ironshore has its principal place of business in this District and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## The Parties

4. Knox is a natural person and a citizen of the State of California.

5. Kassen is a natural person and a citizen of the State of California.

6. Upon information and belief, Ironshore is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 28 Liberty Street, 4th Floor, New York, New York 10005.

## Background of this Action

7. Ironshore is an insurance company, and a wholly-owned subsidiary of Liberty Mutual Company.

8. On or about April 30, 2016, Ironshore issued an insurance policy to "Lion Hendrix Corp. & Subs," a copy of which is annexed as Exhibit A (the "Policy"). The Policy affords insurance coverage to Varvatos.

9. On or about February 1, 2017, Knox, once an employee of Varvatos, commenced the Varvatos Action.

10. On or before March 17, 2017, Varvatos tendered the defense of the Varvatos Action to Ironshore.

11.     By letter dated March 17, 2017, a copy of which is annexed as Exhibit B, Ironshore, through its agent YorkPro, Inc. ("YorkPro"), afforded insurance coverage to Varvatos subject to certain limitations that did not, in fact, apply.

12.     After the March 17, 2017, letter, there was significant activity in the Varvatos Action.  Varvatos produced the Policy as part of its voluntary disclosures.  Knox filed (a) a motion for conditional certification of the Federal Equal Pay Act claim as a collective action, (b) an amended complaint, (c) a second amended complaint, and (d) a motion for class certification of the remaining claims under the New York Equal Pay Act, Title VII of the Civil Rights Act, and the New York Human Rights Law.

13.     The Court granted the motion for conditional certification as a collective action by an order entered October 17, 2017.

14.     On December 4, 2017, Kassen opted into the collective action.

15.     The Court granted the motion for class certification by an order entered February 22, 2018.  Because Kassen did not opt out of the class, Kassen became a member of the class.

16.     Upon information and belief, in anticipation of its participation in a mediation scheduled for May 15, 2018, Ironshore reviewed the litigation in this action and realized that as a result of the orders entered October 17, 2017, and February 22, 2018, the Varvatos Action presented substantially more liability to Ironshore than Ironshore perceived at the time Ironshore afforded coverage to Varvatos in its March 17, 2017, letter.

17.     By letter dated May 10, 2018, a copy of which is annexed as Exhibit C, Ironshore through YorkPro sought to disclaim at least a portion of the insurance coverage that it had previously afforded to Varvatos.

18.     In a deposition taken January 10, 2020, Joseph Zorda, the Chief Financial Officer of Varvatos, after consultation with Proskauer Rose LLP, testified that Varvatos believed that Ironshore had an obligation to insure Varvatos with respect to all of the claims in the Varvatos Action.

19.     The Varvatos Action proceeded to trial beginning February 24, 2020.  A representative of Ironshore attended at least certain portions of the trial.

20.     On February 28, 2020, the jury in Phase I of the trial answered special interrogatories in a manner that represented a complete victory for plaintiffs.

21.     On March 2, 2020, the jury in Phase II of the trial answered special interrogatories that entitled plaintiffs to liquidated and punitive damages against Varvatos.

22.     On March 24, 2020, the Court entered a judgment against Varvatos for $3,516,051.23, plus post-judgment interest.  Knox claims $318,982.21 of that judgment.  Kassen claims $176,000.00 of that judgment.  At that time, the judgment was filed to the electronic case filing system of the United States District Court for the Southern District of New York, and counsel for Varvatos received notification of the judgment via e-mail.  Upon information and belief, Ironshore received notice of the judgment against Varvatos that day.

23.     Plaintiffs filed a motion for attorneys' fees from Varvatos of $1,730,304.50, which is *sub judice*.

24.     On May 6, 2020, Varvatos filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  That case is still pending.

25.     At this time, the judgment remains unpaid and no person has posted any security for any amount of the judgment.

Case 1:20-cv-04401   Document 1   Filed 06/09/20   Page 5 of 6

## A FIRST CLAIM FOR RELIEF
(The Policy – Section 3420)

26. Plaintiffs repeat the allegations set forth in paragraphs 1 through 25 above with the same force and effect as if set forth in full.

27. Ironshore has a contractual obligation to pay, or bond, any judgment in the Varvatos Action up to the limits of the Policy.

28. Ironshore has failed to meet its contractual obligation to pay, or bond, the judgment in the Varvatos Action up to the limits of the Policy.

29. Pursuant to Section 3420 of the New York Insurance Law, plaintiffs are entitled to judgment against Ironshore for the amount of the judgment, up to the limits of the Policy.

## A SECOND CLAIM FOR RELIEF
(Insurance by Estoppel – Section 3420)

30. Plaintiffs repeat the allegations set forth in paragraphs 1 through 29 above with the same force and effect as if set forth in full.

31. By letter dated March 17, 2017, Ironshore afforded insurance coverage to Varvatos for the claims in the Varvatos Action.

32. In reliance upon the understanding that Ironshore had afforded insurance coverage to Varvatos, Varvatos vigorously defended the action, and (because of the applicable fee-shifting statutes) increased its exposure in the Varvatos Action.

33. In reliance upon the understanding that Ironshore had afforded insurance coverage under the Policy for the claims asserted in the Varvatos Action, plaintiffs proceeded with the Varvatos Action.

34. As a result of the representations set forth in the March 17, 2017, letter, and the reliance upon the fact that Ironshore had afforded Varvatos insurance coverage under the Policy

5

for the claims asserted in the Varvatos Action, Ironshore is estopped from denying insurance coverage for the judgment that plaintiffs have obtained.

35.    Pursuant to Section 3420 of the New York Insurance Law, plaintiffs are entitled to judgment against Ironshore for the amount of the ultimate judgment in the Varvatos Action, up to the policy limits, including attorneys' fees.

WHEREFORE, plaintiffs demand judgment against Ironshore:

A.    Awarding plaintiffs damages, the precise amount to be determined by the trier of fact in this action;

B.    Awarding plaintiffs their costs and attorneys' fees in this action; and

C.    Granting such other and further relief as to this Court may seem just and proper.

### Jury Trial Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

Dated:   New York, New York
         June 9, 2020

DUNNEGAN & SCILEPPI LLC

By *William Dunnegan*
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Richard Weiss (RW4039)
   rw@dunnegan.com
Attorneys for Plaintiffs
350 Fifth Avenue, 76th Floor
New York, New York 10118
(212) 332-8300